**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
       chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Matthew Banko**,<br><br>    Plaintiff,<br><br>vs.<br><br>**Rotor X Aircraft Manufacturing Company**, a Nevada corporation; **Donald Orval Shaw and Jane Doe Shaw**, a married couple; **Benjamin Donald Shaw and Jane Doe Shaw II**, a married couple,<br><br>    Defendants. | No.<br><br>**VERIFIED COMPLAINT** |

Plaintiff, Matthew Banko ("Plaintiff" or "Matthew Banko"), sues the Defendants, Rotor X Aircraft Manufacturing Company; Donald Orval Shaw and Jane Doe Shaw; and Benjamin Donald Shaw and Jane Doe Shaw II (collectively, "Defendants" or "Rotor X Aircraft Manufacturing") and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for unpaid minimum wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29

U.S.C. § 201, et seq.; unpaid minimum wages under the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article 8; and unpaid wages under the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 2, Article 7.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees an overtime ate of pay for all time spent working in excess of 40 hours in a given workweek. See 29 U.S.C. § 207(a).

3. The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

4. The AWA, A.R.S. § 23-350, et seq., establishes standards for wage payments to employees within the State of Arizona.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

7. At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

8. At all material times, Defendant Okland Construction Company, Inc. is a corporation duly licensed to transact business in the State of Arizona.  At all material times, Defendant Okland Construction Company, Inc. does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

9. At all relevant times, Defendant Rotor X Aircraft Manufacturing Company owned and operated as "Rotor X Aircraft Manufacturing," a company manufactures two-seat helicopters that is an enterprise doing business in Maricopa County, Arizona.

10. Under the FLSA, Defendant Rotor X Aircraft Manufacturing Company is an employer.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Rotor X Aircraft Manufacturing Company had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's

employment with Defendants.  As a person who acted in the interest of Defendants in relation to Rotor X Aircraft Manufacturing's employees, Defendant Rotor X Aircraft Manufacturing Company is subject to liability under the FLSA.

11. On information and belief, Defendants Donald Orval Shaw and Jane Doe Shaw are, upon information and belief, husband and wife.  On information and belief, they have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  On information and belief, Defendants Donald Orval Shaw and Jane Doe Shaw are owners of Rotor X Aircraft Manufacturing and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

12. On information and belief, under the FLSA, Donald Orval Shaw and Jane Doe Shaw are employers.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  On information and belief, at all relevant times, Defendants Donald Orval Shaw and Jane Doe Shaw had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  On information and belief, as persons who acted in the interest of Defendants in relation to Rotor X Aircraft Manufacturing's employees, Defendants Donald Orval Shaw and Jane Doe Shaw are subject to individual liability under the FLSA.

13. On information and belief, Defendants Benjamin Donald Shaw and Jane Doe Shaw II are, upon information and belief, husband and wife.  On information and

belief, they have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. On information and belief, Defendants Benjamin Donald Shaw and Jane Doe Shaw II are owners of Rotor X Aircraft Manufacturing and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

14.     On information and belief, under the FLSA, Benjamin Donald Shaw and Jane Doe Shaw II are employers. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. On information and belief, at all relevant times, Defendants Benjamin Donald Shaw and Jane Doe Shaw II had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. On information and belief, as persons who acted in the interest of Defendants in relation to Rotor X Aircraft Manufacturing's employees, Defendants Benjamin Donald Shaw and Jane Doe Shaw II are subject to individual liability under the FLSA.

15.     Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

16.     Defendants, and each of them, are sued in both their individual and corporate capacities.

17. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

18. At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

19. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

20. At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

21. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

22. At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

23. At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

24. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

25. On information and belief, Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

26. At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

27. At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

28. Plaintiff, in his work for Defendant, regularly handled goods produced or transported in interstate commerce.

### FACTUAL ALLEGATIONS

29. Defendants own and/or operate as Rotor X Aircraft Manufacturing, an enterprise doing business in Maricopa County, Arizona.

30. Plaintiff was hired by and began working for Defendants in approximately January 2023.

31. At all relevant times, Plaintiff's final shift working for Defendants was on or about October 16, 2023.

32. At all relevant times, in his work for Defendants, Plaintiff worked as aerospace engineering personnel for Defendants.

33. Defendants, in their sole discretion, paid, or were supposed to pay, Plaintiff an annual rate of $70,000.

34. Throughout his employment, Plaintiff worked approximately 40 hours per week for Defendants.

35. Between approximately mid-September 2023 and the end of his employment, Defendants did not pay Plaintiff any wages whatsoever for the time he spent working for them.

36. Defendants never paid Plaintiff any wages whatsoever for the final four workweeks of his employment with them.

37. During the final four workweeks of his employment with Defendants, Plaintiff worked approximately 160 total hours.

38. In or around late October 2023, Plaintiff sent a text message to Defendant Donald Orval Shaw inquiring as to when he would be paid for the final four workweeks of his employment.

39. In response, Defendant Donald Orval Shaw stated that the money should arrive the following week but was not certain.

40. However, Defendants never paid Plaintiff any wages at all for his final four workweeks of employment with Defendants.

41. As a result of failing to pay Plaintiff any wages whatsoever for the final workweek he worked, Defendants failed to pay earned wages to Plaintiff for work he performed, despite having suffered or permitted Plaintiff to work such time.

42. As a result of failing to pay Plaintiff any wages whatsoever for the final workweek he worked, Defendants failed to pay the applicable minimum wage to Plaintiff for such time worked.

43. Defendants classified Plaintiff as W-2 employee.

44. Defendants declined to pay Plaintiff for the work he performed in his final four workweeks with them.

45. Therefore, for the final four workweeks that Plaintiff worked for Defendants, Defendants paid Plaintiff no wages whatsoever.

46. To date, Defendants have still paid no wages whatsoever to Plaintiff for such hours worked.

47. As a result of not having paid any wage whatsoever to Plaintiff during his final workweek with Defendants, Defendants failed to pay the applicable minimum wage to Plaintiff.

48. As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated 29 U.S.C. § 206(a).

49. As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated the AMWA, A.R.S. § 23-363.

50. As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendants violated the AWA, A.R.S., § 23-351.

51. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

52. At all relevant times, Plaintiff was a non-exempt employee.

53. Plaintiff is a covered employee within the meaning of the FLSA.

54. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

55. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

56. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the

unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

57.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of the unpaid wages, plus interest thereon, and costs incurred under A.R.S. § 23-355.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

58.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

59.     As a result of not paying Plaintiff any wage whatsoever for the final four workweeks of his employment, Defendants failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

60.     Defendants' practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

61.     Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Matthew Banko, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

### COUNT TWO: ARIZONA MINIMUM WAGE ACT FAILURE TO PAY MINIMUM WAGE

62. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

63. As a result of not paying Plaintiff any wage whatsoever for the final four workweeks of his employment, Defendants failed or refused to pay Plaintiff the Arizona minimum wage.

64. Defendants' practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, 23-363.

65. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Matthew Banko, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A. For the Court to declare and find that the Defendants violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

**COUNT THREE: ARIZONA WAGE ACT
FAILURE TO PAY WAGES DUE AND OWING
DEFENDANT ROTOR X AIRCRAFT MANUFACTURING COMPANY, ONLY**

66. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

67. As a result of the allegations contained herein, Defendant Rotor X Aircraft Manufacturing Company did not compensate Plaintiff wages due and owing to her.

68. Defendant Rotor X Aircraft Manufacturing Company engaged in such conduct in direct violation of A.R.S. § 23-350.

69. Defendant Rotor X Aircraft Manufacturing Company acted unreasonably and in bad faith in failing to pay Plaintiff the wages due and owing her.

70. Defendant Rotor X Aircraft Manufacturing Company sought to delay payment without reasonable justification and to defraud Plaintiff of wages earned.

71. As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff for the entire time he was employed by Defendant Rotor X Aircraft Manufacturing Company

72. Plaintiff is therefore entitled to compensation for unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of the unpaid wages, plus interest thereon, and costs incurred.

**WHEREFORE**, Plaintiff, Matthew Banko, requests that this Court grant the following relief in Plaintiff's favor, and against Defendant Rotor X Aircraft Manufacturing Company:

A. For the Court to declare and find that the Defendant Rotor X Aircraft Manufacturing Company violated the unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due and owing to Plaintiff;

B. For the Court to award an amount that is treble Plaintiff's unpaid wages pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

1  C. For the Court to award prejudgment and post-judgment interest on any damages awarded;

2  D. For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action and all other causes of action set forth in this Complaint; and

3  E. Such other relief as this Court deems just and proper.

### JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 31st day of October, 2023.

> BENDAU & BENDAU PLLC
>
> By: /s/ *Clifford P. Bendau, II*
> Clifford P. Bendau, II
> Christopher J. Bendau
> *Attorneys for Plaintiff*

**VERIFICATION**

Plaintiff, Matthew Banko, declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and, as to those matters, he believes them to be true.

_____
Matthew Banko (Oct 31, 2023 13:26 PDT)
Matthew Banko