**COUNXEL**

*2222 S. Dobson Rd Suite 1104*
*Mesa, Arizona 85202*
*Office: (480) 536-6122*
*www.counxel.com*
**For Court Use Only: docketing@counxel.com**
Timothy F. Coons (031208)
TCoons@counxel.com
Aaron S. Ludwig (018841)
ALudwig@counxel.com
*Attorneys for Rotor X Aircraft Manufacturing Company*
*Donald Orval Shaw and Jane Doe Shaw*
*Benjamin Donald Shaw and Jane Doe Shaw II*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Matthew Banko, an individual;<br><br>　　　　Plaintiff,<br>vs.<br><br>Rotor X Aircraft Manufacturing Company, a Nevada corporation; Donald Orval Shaw and Jane Doe Shaw, a married couple; Benjamin Donald Shaw and Jane Doe Shaw II, a married couple;<br><br>　　　　Defendants. | Case No. CV-23-02265-PHX-DLR<br><br>***AMENDED* ANSWER TO COMPLAINT** |

Defendants Rotor X Aircraft Manufacturing Company, Donald Orval Shaw, Jane Doe Shaw, Benjamin Donald Shaw, and Jane Doe Shaw II (hereinafter collectively, "Defendants") ***hereby files this Amended Answer to include affirmative defenses as noted in bold italic.***

**Preliminary Statement**

1. The allegations set forth in Paragraph 1 of the Complaint do not pertain to Defendants, therefore an Answer is not required. If an answer is deemed necessary, Defendants deny.

2. The allegations set forth in Paragraph 1 of the Complaint do not pertain to Defendants, therefore an Answer is not required. If an answer is deemed necessary, Defendants deny.

3. The allegations set forth in Paragraph 1 of the Complaint do not pertain to Defendants, therefore an Answer is not required. If an answer is deemed necessary, Defendants deny.

4. The allegations set forth in Paragraph 1 of the Complaint do not pertain to Defendants, therefore an Answer is not required. If an answer is deemed necessary, Defendants deny.

**Jurisdiction and Venue**

5. The allegations set forth in Paragraph 1 of the Complaint do not pertain to Defendants, therefore an Answer is not required. If an answer is deemed necessary, Defendants deny.

6. The allegations set forth in Paragraph 1 of the Complaint do not pertain to Defendants, therefore an Answer is not required. If an answer is deemed necessary, Defendants deny.

**Parties**

7. In response to Paragraph 7, Defendants only admit that Plaintiff was a former

employee. For the remaining allegations, Defendant has insufficient information and knowledge to determine the truthfulness, therefore denies.

8. The allegations set forth in Paragraph 8 of the Complaint do not pertain to Defendants, therefore an Answer is not required. Further, Defendants have insufficient information and knowledge to determine the truthfulness, therefore deny.

9. In response to Paragraph 9, Defendants admit.

10. Plaintiff sets forth an improper legal conclusion which does not require an answer. If an answer is deemed necessary, Defendants deny.

11. In response to Paragraph 11, Defendants only admit that Donald Orval Shaw and Jane Doe Shaw are husband and wife. For all remaining allegations, Defendants deny.

12. Plaintiff sets forth an improper legal conclusion which does not require an answer. If an answer is deemed necessary, Defendants deny.

13. In response to Paragraph 12, Defendants only admit that Benjamin Donald Shaw and Jane Doe Shaw II are husband and wife. For the remaining allegations, Defendants deny.

14. Plaintiff sets forth an improper legal conclusion which does not require an answer. If an answer is deemed necessary, Defendants deny.

15. In response to Paragraph 15, Defendants deny.

16. The allegations set forth in Paragraph 16 of the Complaint do not pertain to Defendants, therefore an Answer is not required. If an answer is deemed necessary, Defendants deny.

17. In response to Paragraph 17, Defendants deny.

18. Plaintiff sets forth an improper legal conclusion which does not require an answer. If an answer is deemed necessary, Defendants deny.

19. Plaintiff sets forth an improper legal conclusion which does not require an answer. If an answer is deemed necessary, Defendants deny.

20. Plaintiff sets forth an improper legal conclusion which does not require an answer. If an answer is deemed necessary, Defendants deny.

21. Plaintiff sets forth an improper legal conclusion which does not require an answer. If an answer is deemed necessary, Defendants deny.

22. Plaintiff sets forth an improper legal conclusion which does not require an answer. If an answer is deemed necessary, Defendants deny.

23. Plaintiff sets forth an improper legal conclusion which does not require an answer. If an answer is deemed necessary, Defendants deny.

24. Plaintiff sets forth an improper legal conclusion which does not require an answer. Defendants have insufficient information and knowledge to determine the truthfulness of Paragraph 24, therefore denies. If an answer is deemed required, Defendants denies.

25. In response to Paragraph 25, Defendants deny.

26. In response to Paragraph 26, Defendants deny.

27. In response to Paragraph 27, Defendants deny.

28. In response to Paragraph 28, Defendants deny.

**Factual Allegations**

29. In response to Paragraph 29, Defendants only admit Rotor X Aircraft Manufacturing Company did business in Maricopa County, Arizona. For the remaining allegations, Defendants deny.

30. In response to Paragraph 30, Defendants admit.

31. In response to Paragraph 31, Defendants have insufficient information and knowledge to determine the truthfulness, therefore deny.

32. In response to Paragraph 32, Defendants admit.

33. In response to Paragraph 33, Defendants deny.

34. In response to Paragraph 34, Defendants admit.

35. In response to Paragraph 35, Defendants deny.

36. In response to Paragraph 36, Defendants deny.

37. In response to Paragraph 37, Defendants have insufficient information and knowledge to determine the truthfulness, therefore denies.

38. In response to Paragraph 38, Defendants have insufficient information and knowledge to determine the truthfulness, therefore deny.

39. In response to Paragraph 39, Defendants deny.

40. In response to Paragraph 40, Defendants deny.

41. In response to Paragraph 41, Defendants deny.

42. In response to Paragraph 42, Defendants deny.

43. In response to Paragraph 43, Defendants admit.

44. In response to Paragraph 44, Defendants deny.

45. In response to Paragraph 45, Defendants deny.

46. In response to Paragraph 46, Defendants deny.

47. In response to Paragraph 47, Defendants deny.

48. Plaintiff sets forth an improper legal conclusion which does not require an answer. If an answer is deemed required, Defendants denies.

49. Plaintiff sets forth an improper legal conclusion which does not require an answer. If an answer is deemed required, Defendants denies.

50. Plaintiff sets forth an improper legal conclusion which does not require an answer. If an answer is deemed required, Defendants denies.

51. In response to Paragraph 51, Defendants deny.

52. Plaintiff sets forth an improper legal conclusion which does not require an answer. If an answer is deemed required, Defendants denies.

53. Plaintiff sets forth an improper legal conclusion which does not require an answer. If an answer is deemed required, Defendants denies.

54. In response to Paragraph 54, Defendants deny.

55. Plaintiff sets forth an improper legal conclusion which does not require an answer. If an answer is deemed required, Defendants denies.

56. Plaintiff sets forth an improper legal conclusion which does not require an answer. If an answer is deemed required, Defendants denies.

57. Plaintiff sets forth an improper legal conclusion which does not require an answer. If an answer is deemed required, Defendants denies.

**COUNT ONE: FAIR LABOR STANDARDS ACT FAILURE TO PAY MINIMUM WAGE**

58. The allegations set forth in Paragraph 58 of the Complaint do not pertain to Defendants, therefore an Answer is not required. If an answer is deemed necessary, Defendants deny.

59. In response to Paragraph 59, Defendants deny.

60. Plaintiff sets forth an improper legal conclusion which does not require an answer. If an answer is deemed required, Defendants denies.

61. Plaintiff sets forth an improper legal conclusion which does not require an answer. If an answer is deemed required, Defendants denies.

**COUNT TWO: ARIZONA MINIMUM WAGE ACT FAILURE TO PAY MINIMUM WAGE**

62. The allegations set forth in Paragraph 58 of the Complaint do not pertain to Defendants, therefore an Answer is not required. If an answer is deemed necessary, Defendants deny.

63. In response to Paragraph 63, Defendant denies.

64. Plaintiff sets forth an improper legal conclusion which does not require an answer. If an answer is deemed required, Defendants denies.

65. Plaintiff sets forth an improper legal conclusion which does not require an answer. If an answer is deemed required, Defendants denies.

**COUNT THREE: ARIZONA WAGE ACT FAILURE TO PAGE WAGES DUE AND OWING DEFENDANT ROTOR X AIRCRAFT MANUFACTURING COMPANY, ONLY**

66. The allegations set forth in Paragraph 58 of the Complaint do not pertain to

1   Defendants, therefore an Answer is not required. If an answer is deemed necessary, Defendants deny.

67. In response to Paragraph 67, Defendants have insufficient information and knowledge to determine the truthfulness, therefore deny.

68. In response to Paragraph 68, Defendants deny.

69. In response to Paragraph 69, Defendants deny.

70. In response to Paragraph 70, Defendants deny.

71. In response to Paragraph 71, Defendants deny.

72. In response to Paragraph 72, Defendants deny.

**WHEREFORE,** having fully answered Plaintiff's Complaint, Defendants prays for judgment against Plaintiff as follows:

A. For actual and consequential damages in an amount to be proven at trial;

**B. Pre and Post Judgment Interest;**

**C. Attorney's Fees and Costs Pursuant to A.R.S. §§ 12-341 and 12341.01;**

**D.** For such other further relief as the Court may deem just and proper under the circumstances.

*AFFIRMATIVE DEFENSES*

**73. Defendant asserts the following affirmative defenses and reserves the right to expand upon them as discovery occurs;**

    *a.*    *First Sale Doctrine;*

    *b.*    *Accord and satisfaction;*

    *c.*    *Assumption of risk;*

     d.     *Contributory negligence;*

     e.     *Estoppel;*

     f.     *Non-party at fault;*

     g.     *Laches;*

     h.     *License;*

     i.     *Claim Preclusion / Issue Preclusion;*

     j.     *Statute of Frauds;*

     k.     *Statute of Limitations;*

     l.     *Waiver.*

RESPECTFULLY SUBMITTED this 12th  day of January, 2023.

                              **COUNXEL LEGAL FIRM**
                              */s/ Aaron S. Ludwig*
                              Aaron S. Ludwig
                              Stephen Fong
                              2222 S. Dobson Rd. Suite 1104
                              Mesa, AZ  85202
                              *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 12, 2024, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and transmittal of Notice of Electronic Filing to the following CM/ECF Registrant:

Bendau& Bendau PLLC
Clifford P. Bendau, II
PO Box 997066
Phoenix, AZ 85060


/s/ C. Button