**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Matthew Banko,<br><br>              Plaintiff,<br><br>v.<br><br>Rotor X Aircraft Manufacturing Company, et al.,<br><br>              Defendants. | No. CV-23-02265-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff Matthew Banko's ("Plaintiff") Motion for Attorneys' Fees and Costs against Defendants Rotor X Aircraft Manufacturing Company, Donald Orval Shaw and Jane Doe Shaw, and Benjamin Donald Shaw and Jane Doe Shaw II (collectively "Defendants"). (Doc. 27). Defendants did not file a response. The Court now rules on the motion.

**I.     BACKGROUND**

On October 31, 2023, Plaintiff filed an amended complaint against Defendants, alleging Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206(a), 207(a)(1), the Arizona Minimum Wage Act ("AMWA"), A.R.S. § 23-363(A), and the Arizona Wage Act ("AWA"), A.R.S. § 23-351(C). (Doc. 1). Defendants filed an answer on January 4, 2024, (Doc. 12), and an amended answer on January 12, 2024, (Doc. 16).

On January 24, 2025, Plaintiff filed an unopposed motion for entry of stipulated judgment, asking the Court to enter a judgment to which the parties previously stipulated. (Doc. 24). In Plaintiff's motion, Plaintiff explained that the parties entered into a settlement

agreement for $13,000.00 but Defendants still owed $6,000.00. (Doc. 24-1 at 1-2). The settlement agreement also included that Plaintiff had the right to seek all attorneys' fees and costs incurred by Plaintiff in litigating the lawsuit and "in attempting to collect any unpaid amounts pursuant to the Stipulated Judgment." (Doc. 24 at 2). The Court granted the motion and entered judgment in favor of Plaintiff in the amount of $6,000.00. (Doc. 25). On February 24, 2025, Plaintiff filed the instant motion for attorney's fees. (Doc. 27). Plaintiff requests $11,570.00 in attorneys' fees. (Doc. 27 at 6).

## II. ATTORNEY'S FEES

### a. Eligibility and Entitlement to Fees

Under this district's local rules, a party seeking attorneys' fees must first show that they are both eligible for and entitled to a fee award. L.R. Civ. 54.2(c)(1)-(2). Here, Plaintiff argues that he is eligible for a fee award under the FLSA and the AMWA. *See* 29 U.S.C. § 216(b) (a district court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant."); A.R.S. § 23-364(G) ("A prevailing plaintiff shall be entitled to reasonable attorney's fees and costs of suit.").

"[P]laintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). *In Farrar v. Hobby*, the Supreme Court clarified that "a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992). Notably, "[a] judgment for damages in any amount, whether compensatory or nominal, modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay." *Id.* at 113.

Here, Plaintiff argues, and the Court agrees, that Plaintiff was awarded judgment, and is the "prevailing plaintiff," by virtue of the Stipulated Judgment. (Doc. 27 at 3). Plaintiff is thereby entitled to his attorneys' fees in this action. Additionally, the Court is

persuaded that Plaintiff is entitled to reasonable attorneys' fees for the time counsel spent preparing the instant motion. *See Gary v. Carbon Cycle Ariz. LLC*, 39 F. Supp. 3d 468, 479-80 (D. Ariz. 2019). As such, the Court turns to the reasonableness of the requested fees.

### b. Reasonableness of Requested Fees

The second requirement in the Court's analysis of Plaintiff's motion for attorneys' fees is that the amount of fees granted must be reasonable. To determine a reasonable attorneys' fee, the Court begins with the "lodestar figure," meaning "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. The Local Rules provide a list of factors to be considered in assessing the reasonableness of a requested attorneys' fee award:

    (A) The time and labor required of counsel;
    (B) The novelty and difficulty of the questions presented;
    (C) The skill requisite to perform the legal service properly;
    (D) The preclusion of other employment by counsel because of the acceptance of the action;
    (E) The customary fee charged in matters of the type involved;
    (F) Whether the fee contracted between the attorney and the client is fixed or contingent;
    (G) Any time limitations imposed by the client or the circumstances;
    (H) The amount of money, or the value of the rights, involved, and the results obtained;
    (I) The experience, reputation and ability of counsel;
    (J) The "undesirability" of the case;
    (K) The nature and length of the professional relationship between the attorney and the client;
    (L) Awards in similar actions; and
    (M) Any other matters deemed appropriate under the circumstances.

L.R. Civ. 54.2(c)(3); *see also Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). Reasonable attorneys' rates are not simply what an attorney charged a client; they are determined "by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 908 (9th Cir. 1995).

Plaintiff first argues that an hourly rate of $445 is a reasonable rate. (Doc. 27 at 5).

In support, Plaintiff cites to other cases in which courts in this district have found the same rate to be reasonable, arguing that the rate is "commensurate with [Plaintiff's counsel's] expertise and experience and would align with the rate he has been awarded time and again in the District of Arizona." (Doc. 27 at 5-6). Plaintiff next conducts a lodestar analysis to request $11,570.00 in fees for 26 hours worked. (Doc. 27 at 6). The Court addresses the various factors, and Plaintiff's arguments as to each, below.

### i. Time and Labor Required

Plaintiff argues that although this case "did not require significant labor relative to analyzing legal or factual issues," the case nonetheless took longer than it should have because Defendants decided "not to participate in the litigation of this matter, despite their continued participation both with and without counsel." (Doc. 27 at 7). As such, Plaintiff argues that 26 hours worked is reasonable. Upon examining Plaintiff's itemization of time spent, (Doc. 27-4 at 2-4), the Court agrees that the time expended is reasonable given the issues and the time Plaintiff spent negotiating a settlement. *See Thompson v. Arizona Movers & Storage Inc.*, No. CV-17-03819-PHX-DGC, 2018 WL 2416187, at *3 (D. Ariz. May 29, 2018) (finding reasonable 35.3 hours worked on FLSA case resolved by settlement agreement). Accordingly, the Court makes no adjustments to the 26 hours of work for which Plaintiff's counsel seeks compensation.

### ii. Novelty and Difficulty of the Question Presented

Plaintiff acknowledges that the issues in the present case were not novel or particularly difficult. (Doc. 29 at 7-8). The Court agrees.

### iii. Skill Requisite to Perform the Legal Service Properly

Plaintiff argues that despite the otherwise straightforward nature of the suit, the issues raised were "sophisticated and required extensive knowledge of the law," such that "Plaintiff very likely would not have obtained such results without the assistance of Plaintiff's counsel." (Doc. 27 at 8). The Court finds that it takes a moderate amount of skill to litigate the instant case. *See Verduzco v. Value Dental Centers Mesa W. AZ LLC*, No. CV-20-02380-PHX-DJH, 2022 WL 2718163, at *2 (D. Ariz. July 12, 2022) (finding it

"takes a moderate amount of skill to litigate FLSA cases.").

### iv. Preclusion of Other Employment

Plaintiff acknowledges that Plaintiff did not experience a significant preclusion from conducting other work over and above "the time constraints place[d] on an attorney by the fact of accepting and litigating a case." (Doc. 27 at 8).

### v. Customary Fee

Plaintiff references arguments regarding the reasonableness of Plaintiff's rate, which the Court recited above. (Doc. 27 at 8). The cases to which Plaintiff cites indicate that $445 per hour constitutes a customary fee awarded by Courts in this district for comparable work.

### vi. Whether the Fee is Fixed or Contingent

Plaintiff notes that the representation in this case was based on a contingency fee and argues that the fee recovery should not depend upon the amount recovered in the case. (Doc. 27 at 8-9). Plaintiff further argues that because of the contingency fee agreement, "this Court may adjust upward Plaintiff's [c]ounsel's hourly rate." (Doc. 27 at 9). The Court acknowledges that agreeing to a contingency fee basis of representation supports the potential for a larger award of attorneys' fees. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2007).

### vii. Time Limitations

Plaintiff acknowledges that no time limitations were imposed by either the client or by circumstances. (Doc. 27 at 10). As such, this factor is of minimal weight in the reasonableness inquiry.

### viii. Amount in Controversy and Results Obtained

Plaintiff argues that the amount in controversy is significant to Plaintiff and, moreover, that Plaintiff's counsel "has obtained excellent results and has assisted Plaintiff in recovering well in excess of the total amount in unpaid wages that Defendants owed her." (Doc. 29 at 11). The Court acknowledges the recovery that Plaintiff's counsel successfully obtained for Plaintiff.

### ix. Experience, Reputation, and Ability of Attorney

Plaintiff points out that Plaintiff's counsel "focuses exclusively on plaintiffs' state and federal employment wage and hour litigation, primarily under the FLSA," has been lead counsel on more than 50 FLSA collective matters, and has obtained several reversals in three different Circuits at the Court of Appeals level. (Doc. 27 at 11-12). The Court acknowledges Plaintiff's counsel's experience level in FLSA matters.

### x. "Undesirability" of the Case

Plaintiff argues that given the low damages and speculative amount of available fees, along with the usual undesirableness of contingency-fee litigation, the instant case was risky and therefore undesirable. (Doc. 27 at 12). The Court agrees.

### xi. Nature and Length of Relationship Between Attorney and Client

Plaintiff states that this is the only matter on which Plaintiff's counsel has represented Plaintiff. (Doc. 27 at 12). As such, this factor bears minimal weight in the determination of reasonable fees.

### xii. Awards in Similar Actions

Plaintiff reiterates previous arguments regarding the reasonableness of the rate, which this Court recited above. Based on comparison to previous similar cases in the District of Arizona, this Court finds a rate of $445 per hour to be reasonable.

## III. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion for Attorneys' Fees, (Doc. 27), is **GRANTED**, Plaintiff is awarded attorneys' fees in the amount of $11,570.00.

Dated this 10th day of March, 2025.

James A. Teilborg
Senior United States District Judge